HEARD NOVEMBER TERM, 1878.

CASE No. 691.

T. M. JOPLIN v. G. D. CARRIER.

1. Where a party obtains property under the pretext of hiring it, but for the real purpose of taking it to another state, there to be subjected to an attachment under legal process for a debt due him, it is a naked trespass *ab initio,* and he is liable to the owner in an action of replevin.

2. In an action commenced in a trial justice's court, judgment may be given for the value of personal property converted, although the demand is only for its recovery and damages for its detention.

3. This court cannot consider the objection that damages are excessive.

4. The failure of a Circuit judge to state his conclusions of law and fact separately, the merits not being thereby affected, is not a ground for a reversal of judgment.

Before KERSHAW, J., at Spartanburg, March Term, 1878.

In the trial justice's court, a verdict was rendered for plaintiff July 5th, 1877, for "fifty dollars for wagon and harness, or wagon and harness returned to plaintiff, and damages for plaintiff for retention of wagon and harness, twenty dollars." The facts are sufficiently stated in the opinion of the court. Defendant appealed to the Circuit Court, where judgment was given plaintiff for $70, with interest from July 5th, 1877, and costs. Defendant then appealed to this court upon the grounds that his Honor erred—

1. In holding that the defendant was liable for property taken by legal process from the plaintiff.

2. In refusing to hold that the plaintiff had shown no cause of action.

3. In failing to make separate findings of law and fact as required by law.

4. Because the damages found were excessive.

5. In refusing to dismiss the complaint and give judgment against the plaintiff for the costs and disbursements of the action.

*Mr. J. S. R. Thomson,* for appellant.

*Messrs. Bobo & Carlisle,* for respondents.

March 3d, 1879. The opinion of the court was delivered by

WILLARD, C. J. On appeal to the Circuit Court from the trial justice's court, judgment was rendered against the defendant for damages for the taking and detention of a wagon and harness from plaintiff. Testimony had been offered tending to show that the defendant had obtained from the plaintiff the wagon and harness in question under the pretext of hiring it to go to a point in North Carolina and return; but in reality to remove it into the State of North Carolina and subject it to process for the recovery of a debt originally due from plaintiff to defendant and his partner in business, and assigned to a person in North Carolina, for the purpose of bringing suit upon it and attaching the property in question. It was for the Circuit judge to determine the force of this testimony, and he has done so, finding for the plaintiff, with damages. All that we can determine is whether any error of law was committed by the Circuit judge.

It was entirely competent in the evidence to find that the hiring was pretensive and fraudulent *ab initio*. The appellant assumes that the relation of bailor and bailee subsisted between the plaintiff and defendant, and advances propositions of law pertinent to cases arising under that law of relation. It is very clear that there was ground for holding that fraud existed on the part of the bailee sufficient to convert the transaction into a naked trespass *ab initio*. The relation of bailor and bailee, as a contract relation, depends upon mutuality of understanding and intent. If the defendant sought possession of the property with other objects and intents than those disclosed, there could not be that mutuality of understanding essential to the creation of a relation depending on the contract of the parties to bind the bailor. This doctrine is forcibly exemplified in *State* v. *Lindenthall*, 5 *Rich.* 237. Judge O'Neall says: "The guilt of one accused of larceny depends upon intention. If such an one obtain the possession of goods by consent of the owner for one purpose, such as hiring or carrying, with intent to steal, and consummate that intention partially or entirely by converting the goods to his own use, he is, beyond doubt, guilty of larceny. This is abundantly shown by *Gorman's case*, 2 *N. & McC.* 90;

*Thurston's case,* 2 *McM.* 382." There was no error in rendering judgment for the plaintiff on the facts appearing in evidence.

It is alleged that the judgment is erroneous, as it should have been for the return of the property, and that the value of the property should not have been included in the damages awarded, but assessed separably, so that the value would become part of the damages only in case the property was not returned. The plaintiff had a right to demand either damages for the taking and detention, as in trover for conversion, or the return of the property with damages. The code has not changed the rights of parties in this respect. The provisions of Section 301 of the code apply to a judgment awarding possession of personal property, not to a case where the plaintiff is entitled to general damages. It is for the plaintiff to elect which form of remedy he will pursue. It cannot be objected that the plaintiff's demand in the trial justice's court, being for the recovery of a wagon and harness, and damages for detention thereof, it therefore bound him as an election as to the form of judgment. Whether a complaint in a court of record could have that effect need not be considered, but no such effect can be claimed for informal pleadings in a trial justice's court. The case should proceed to judgment according to the rights of th.

The objection to the damages as excessive cannot be considered in this court, as we have frequently held, nor is there any ground for reversal in the fact that the Circuit judge did not state his conclusions of fact and law separately, it not being made to appear that appellant has been prejudiced thereby as it regards the merits of his case.

The judgment below is affirmed.

Judgment affirmed.

McIVER and HASKELL, A. J.'s, concurred.